PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FÉLIX
CALDERÓN PARRILLA, Defendant and Appellant.

No. 5907.—Argued June 12, 1936.—Decided July 8, 1936.

*F. Ochoteco Jr.* and *Francisco Vizcarrondo* for appellant. *R. A.
Gómez* and *Luis Janer, Prosecuting Attorneys,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The appellant was charged with carrying a forbidden
weapon, a revolver, on his person. The case was submitted
to the lower court on the evidence presented in criminal case
no. 5906, brought against the same defendant for murder,
committed on March 20, 1934, with the same revolver which
he is alleged to have carried illegally. The appellant took
the present appeal from a sentence condemning him to three
months in jail.

The appellant alleges that the sentence of the lower court
is contrary to the law; that the evidence shows that the revol-
ver used to kill Justo Maldonado was taken by the defend-
ant from a shelf where he kept it in his own office; that on
the date to which the accusation refers, the defendant was
empoyed as payroll clerk and watchman of the Machicote
plantation of the Loíza Sugar Company, and that at the time
when the events took place he was discharging his duties, in
his office, on lands of the said plantation.

The defendant testified at the trial that he was payroll
clerk and watchman of the plantation; that he had the revol-
ver for the purpose of watching over the interests of the
company and the office. His testimony was not corroborated
by the other witnesses. Witness Perfecto Fernández, Office
Manager of the Loíza Sugar Company and the defendant's

superior, upon being questioned as to whether, as office manager, he knew what the duties of the defendant were, answered: He had to go to the country to note the time and the people who were working, and afterwards come to the office to make out the tickets and give all of the information."

The instant case cannot be considered as similar to the case of *People* v. *Bosch,* 43 P.R.R. 711. In the said case it was established as a fact that the defendant had been employed as the watchman of the plantation for more than 20 years and that he was authorized by his employers to carry a revolver. This court held that an overseer or watchman, is on his own plantation when he is acting as such overseer or watchman, and therefore included in the provisions of subdivision 5 of Section 5 of Act no. 14 of June 25, 1924 (Session Laws, p. 114), entitled "An Act Forbidding the Carrying of Weapons", which excludes from the legal prohibition, the carrying of weapons within one's own house or property.

The evidence clearly shows that the defendant possessed and carried a revolver and that he used it to kill Justo Maldonado. It is unimportant that the defendant, while in the office, kept the revolver on a shelf, where he had it within reach and ready for use, instead of on his person. At any rate, at the time that he silently walked toward his victim, to fire two shots at his back, the defendant who had taken the revolver from the shelf, was unlawfully carrying a forbidden weapon, as he also was when, after killing Justo Maldonado, he ran to hide the homicidal weapon by throwing it into a latrine.

We are of the opinion that the lower court did not err, either in weighing the evidence or in the application of the law in finding the defendant guilty.

The judgment appealed from is affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.